# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

1. SEE NOTICE ON REVERSE 2. PLEASE TYPE OR PRINT 3. STAPLE ALL ADDITIONAL PAGES

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| JEANNA KRATZERT, NEIL MOSHER, & JON KARAFFA, individually and on behalf of all others similarly situated, Plaintiffs-Appellants, v. TARGET CORPORATION, Defendant-Appellee. | Northern Dist. of New York | Anne M. Nardacci, USDJ |
| | Date the Order or Judgment Appealed from was Entered on the Docket: September 16, 2026 | District Court Docket No.: 1:25-CV-01171 (AMN) (DJS) |
| | Date the Notice of Appeal was Filed: September 29, 2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| ☑ Plaintiff<br>☐ Defendant | Hugh Baran, Katz Banks Kumin LLP; 111 Broadway Ste 1403, New York NY 10006; 646-759-4501 (o); 646-759-4502 (fax); baran@katzbanks.com<br>Peter Winebrake & Deirdre Aaron, Winebrake & Santillo LLC, 715 Twining Road, Ste 211, Dresher, PA 19025; 215-884-2491; pwinebrake@winebrakelaw.com, daaron@winebrakelaw.com |

| Attorney(s) for Appellee(s): | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| ☐ Plaintiff<br>☑ Defendant | Joseph Schmitt, Nilan Johnson Lewis PA; 250 Marquette Avenue South, Suite 800, Minneapolis MN 55401; 612-305-7500; jschmitt@nilanjohnson.com<br>Jeffrey D. Wohl, Paul Hastings LLP; 101 California Street, 48th Fl, San Francisco CA 94111; jeffwohl@paulhastings.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| Yes - for 8/25/26 oral argument | 48 | 0 | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*:** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*:** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☑ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [x] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [x] Damages:
  - [ ] Sought: $ ______
  - [ ] Granted: $ ______
  - [ ] Denied: $ ______
- [x] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

Plaintiffs sought damages under the New York Labor Law and to permanently enjoin Defendant from continuing the practices at issue, but the action was dismissed under Rule 12(b)(6).

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): ______
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ☐ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): ______
- [x] Other (specify): State Labor Law (N.Y. Lab. L.)

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [x] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?

- [x] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ______________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☑ Yes ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Bettis v. Amazon.com Services, LLC | 26-1130 | | Second Circuit |

Name of Appellant: Boysing Samuel, Jr., Laura Pincay, Christopher Monteagudo, Keanna Kovos

Date: 10/06/2026

Signature of Counsel of Record: /s/ Hugh Baran

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# 26-2751

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JEANNA KRATZERT, NEIL MOSHER, AND JON KARAFFA,
*individually and on behalf of all others similarly situated*,

*Plaintiffs-Appellants*,

*v.*

TARGET CORPORATION,

*Defendant-Appellee.*

*On appeal from the United States District Court*
*for the Northern District of New York*

**ADDENDUM A TO PLAINTIFFS-APPELLANTS' FORM C**

# PLAINTIFFS-APPELLANTS' ADDENDUM A

**(1) Brief Description of the Nature of the Action and (2) the Result Below**

This appeal concerns a novel question of New York law not previously addressed by any New York state court: whether the New York Labor Law (Articles 19 and 6) and the Miscellaneous Industries Wage Order (12 NYCRR § 142-2.1 *et seq.*) incorporate the limitations of the federal Portal-to-Portal Act of 1947, codified at 29 U.S.C. §§ 251–262 ("PPA"), as to compensable pre- and post-shift activities.

Plaintiffs-Appellants Jeanna Kratzert, Neil Mosher, and Jon Karaffa are former and current warehouse workers at Defendant Target Corporation's upstate New York warehouses. Plaintiffs-Appellants bring a class action under Rule 23 and several sections of the New York Labor Law. They seek unpaid wages and other damages for time spent walking within the warehouse between the front door and their work areas (where Target placed their time clocks) at the start and end of each shift. The federal courts have subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity). *See* District Court Dkt. No. 32 ¶ 19. Target moved to dismiss Plaintiffs' First Amended Complaint on November 24, 2025. District Court Dkt. No. 33.

On September 16, 2026, the District Court granted Target's motion to dismiss under Rule 12(b)(6) and denied Plaintiffs leave to amend. District Court Dkt. No. 56 ("Mem. Decision"). The District Court issued a Judgment dismissing the action the same day. District Court Dkt. No. 57.

While acknowledging that there was no "controlling authority from the New York State Court of Appeals, nor any other state court, addressing the precise issue before the Court[,]" Mem. Decision at 10, the District Court nevertheless held that a 1986 regulatory revision of the Miscellaneous Industries Wage Order's overtime provision (12 NYCRR § 142-2.2) incorporated the PPA into the entirety of the New York Labor Law—even though the notice of proposed rulemaking for the 1986 revision made no reference to such a sweeping change. *Id.* at 11–14. The District Court also held that this revision trumped the plain language of the Wage Order's minimum wage provision (12 NYCRR § 142-2.1), *id.* at 13–14, despite recognizing that "[i]n delineating the time for which the minimum wage must be paid, the NYSDOL utilized language distinct from the PPA's 'principal activities' rule and its preliminary and postliminary carve-outs," *id.* at 10.

Plaintiffs-Appellants' appeal seeks to reverse the District Court's decision, which is inconsistent with the text of the New York Labor Law and the Wage Order, and obtain a ruling that their walking time within Target's warehouses—and that of all similarly situated workers—is compensable under the New York Labor Law. Further, because this appeal arises under the federal courts' diversity jurisdiction and involves a state law question that the District Court itself acknowledged has never been squarely addressed by the New York Court of Appeals or any other state court, Plaintiffs-Appellants will move for certification of the state law question presented to the New York Court of Appeals.

**(3) Notice of Appeal & Docket Sheet**

Attached please find a copy of the Notice of Appeal and a current copy of the District Court docket sheet.

**Federal Rules of Appellate Procedure Form 1.**
**Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court.**

United States District Court for the
Northern District of New York
--------------------------------------------------------

Jeanna Kratzert, Neil Mosher, Jon Karaffa

Plaintiff(s), Notice of Appeal

v. Case number: 1:25-CV-01171 (AMN/DJS)

Target Corporation

Defendant(s).
--------------------------------------------------------

Notice is hereby given that Jeanna Kratzert, Neil Mosher, and Jon Karaffa,

the Defendant(s) in the above-named case*, hereby appeal(s) to the United States

Court of Appeals for the Second Circuit from the final Judgment entered in this

action on the 16th day of September, 2026.

/s/

Name: Hugh Baran
Attorney for Plaintiffs
Address: 111 Broadway, Suite 1403
New York, NY 10006

[***Note to inmate filers****: If you are an inmate confined in an institution and you seek the timing benefit of Fed.R.App.P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal*.]

*See Rule 3(c) for permissible ways of identifying appellants.

APPEAL,CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.5)] (Albany)
# CIVIL DOCKET FOR CASE #: 1:25-cv-01171-AMN-DJS

Kratzert et al v. Target Corporation
Assigned to: U.S. District Judge Anne M. Nardacci
Referred to: Magistrate Judge Daniel J. Stewart
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 08/26/2025
Date Terminated: 09/16/2026
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

**Plaintiff**

**Jeanna Kratzert**
*individually and on behalf of all others similarly situated*

represented by

**Elena Rodriguez Anderson**
Katz Banks Kumin LLP
111 Broadway, Suite 1702
New York, NY 10006
646-759-4501
Email: anderson@katzbanks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hugh Baran**
Katz Banks Kumin LLP
111 Broadway, Suite 1403
New York, NY 10006
646-759-4501
Fax: 646-759-4502
Email: baran@katzbanks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica L. Westerman**
Katz Banks Kumin LLP
11 Dupont Circle NW - Suite 600
Washington, DC 20036
202-299-1140
Fax: 202-299-1148
Email: westerman@katzbanks.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Winebrake**
The Winebrake Law Firm
715 Twining Road - Suite 211
Dresher, PA 19025
215-884-2491
Fax: 215-884-2492

Email: pwinebrake@winebrakelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deirdre Aaron**
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
215-884-2491
Email: daaron@winebrakelaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Neil Mosher**
*individually and on behalf of all others similarly situated*

represented by **Elena Rodriguez Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hugh Baran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica L. Westerman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Winebrake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deirdre Aaron**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jon Karaffa**

represented by **Elena Rodriguez Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hugh Baran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica L. Westerman**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peter Winebrake**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deirdre Aaron**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Target Corporation** represented by

**Jeffrey D. Wohl**
Nilan Johnson Lewis PA
398 Primrose Road - Suite 225
Burlingame, CA 94010
650-437-7042
Fax: 612-305-7501
Email: jwohl@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph G. Schmitt**
Nilan Johnson Lewis PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
612-305-7500
Fax: 612-305-7501
Email: jschmitt@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara Brady Tomezsko**
Paul, Hastings Law Firm - NY Office
200 Park Avenue
New York, NY 10166
212-318-6267
Fax: 212-319-4090
Email: saratomezsko@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Courtney Burks**
Nilan Johnson Lewis PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
612-305-7590
Email: cburks@nilanjohnson.com

*ATTORNEY TO BE NOTICED*

**Elizabeth N. Neuburger**
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
914-260-8934
Email:
elizabethneuburger@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Kaveh Dabashi**
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
212-318-6000
Email: kavehdabashi@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Mark J. Girouard**
Nilan Johnson Lewis PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
612-305-7579
Email: mgirouard@nilanjohnson.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/26/2025 | 1 | CLASS ACTION COMPLAINT WITH JURY DEMAND against Target Corporation. (Filing fee $405 receipt number ANYNDC-7263957). Filed by Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Civil Cover Sheet)(bas) (Entered: 08/27/2025) |
| 08/27/2025 | 2 | Summons Issued as to Target Corporation. (bas) (Entered: 08/27/2025) |
| 08/27/2025 | 3 | G.O. 25 FILING ORDER ISSUED: Initial IN PERSON Conference set for 11/25/2025 at 10:00 AM in Albany before Magistrate Judge Daniel J. Stewart. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 11/18/2025. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (bas) (Entered: 08/27/2025) |
| 09/04/2025 | 4 | SUMMONS Returned Executed by Jeanna Kratzert, Neil Mosher. Target Corporation served on 9/4/2025, answer due 9/25/2025. (Baran, Hugh) (Entered: 09/04/2025) |
| 09/18/2025 | 5 | NOTICE OF APPEARANCE by Sara Brady Tomezsko on behalf of Target Corporation (Tomezsko, Sara) (Entered: 09/18/2025) |
| 09/22/2025 | 6 | STIPULATION *for Extension of Time to Respond to Complaint* by Target Corporation submitted to Judge Anne M. Nardacci. (Tomezsko, Sara) (Entered: 09/22/2025) |

| | | |
|---|---|---|
| 09/22/2025 | 7 | ORDER re 6 Stipulation filed by Target Corporation: Answer due date for Target Corporation updated to 10/27/2025. Signed by Magistrate Judge Daniel J. Stewart on 9/22/2025. (spl) (Entered: 09/22/2025) |
| 09/24/2025 | 8 | MOTION for Limited Admission Pro Hac Vice of Joseph G. Schmitt. Filing fee $100, receipt number 27RM0NQ9. **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Daniel J. Stewart. (bas) (Entered: 09/26/2025) |
| 09/26/2025 | 9 | MOTION for Limited Admission Pro Hac Vice of Elizabeth Neuburger. Filing fee $100, receipt number 27RNMP98. {Filed via MFT} **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Daniel J. Stewart. (bas) (Entered: 09/26/2025) |
| 09/26/2025 | 10 | MOTION for Limited Admission Pro Hac Vice of Jeffrey D. Wohl. Filing fee $100, receipt number 27RO6NO5. {Filed via MFT} **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Daniel J. Stewart. (bas) (Entered: 09/26/2025) |
| 09/28/2025 | 11 | TEXT ORDER granting 8 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.**. SO ORDERED by Magistrate Judge Daniel J. Stewart on 9/28/2025.(spl) (Entered: 09/28/2025) |
| 09/29/2025 | | **Notice of Attorney Admission Filing Deficiency** re: 10 Motion for Limited Admission Pro Hac Vice,. Pursuant to LR 83.1(d), the applicant **MUST** provide the following required documents: Certificate of Good Standing that has been issued by a Court; The corrected documents should be transmitted to the Court via MFT found on the Court's website https://www.nynd.uscourts.gov/submitting-files-court-mft and labeled 'Supplemental Admission documents'. Once all requirements under LR 83.1(d) have been met, the motion will be forwarded to the assigned Magistrate Judge for consideration. Notice of Compliance Deadline 10/14/2025 (jel, ) (Entered: 09/29/2025) |
| 09/30/2025 | 12 | TEXT ORDER granting 9 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.**. SO ORDERED by Magistrate Judge Daniel J. Stewart on 9/30/2025. (spl) (Entered: 09/30/2025) |

| | | |
|---|---|---|
| 10/01/2025 | 13 | Supplemental Admission documents re: 10 Motion for Limited Admission Pro Hac Vice. {Filed via MFT} **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]**. (bas) (Entered: 10/02/2025) |
| 10/07/2025 | 14 | TEXT ORDER granting 10 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.** SO ORDERED by Magistrate Judge Daniel J. Stewart on 10/7/2025. (spl) (Entered: 10/07/2025) |
| 10/08/2025 | 15 | NOTICE OF APPEARANCE by Joseph G. Schmitt on behalf of Target Corporation (Schmitt, Joseph) (Entered: 10/08/2025) |
| 10/08/2025 | 16 | NOTICE OF APPEARANCE by Jeffrey D. Wohl on behalf of Target Corporation (Wohl, Jeffrey) (Entered: 10/08/2025) |
| 10/08/2025 | 17 | NOTICE OF APPEARANCE by Elizabeth N. Neuburger on behalf of Target Corporation (Neuburger, Elizabeth) (Entered: 10/08/2025) |
| 10/08/2025 | 18 | MOTION for Limited Admission Pro Hac Vice of Courtney Lynn Burks Filing fee $100, receipt number 27S454LB {Via MFT} **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Daniel J. Stewart. (bas) (Entered: 10/08/2025) |
| 10/08/2025 | 19 | MOTION for Limited Admission Pro Hac Vice of Mark J. Girouard Filing fee $100, receipt number 27S454SI {Via MFT} **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Daniel J. Stewart. (bas) (Entered: 10/08/2025) |
| 10/09/2025 | 20 | TEXT ORDER granting 18 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.** SO ORDERED by Magistrate Judge Daniel J. Stewart on 10/9/2025. (spl) (Entered: 10/09/2025) |
| 10/09/2025 | 21 | TEXT ORDER granting 19 Motion for Limited Admission Pro Hac Vice. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney- |

| | | |
|---|---|---|
| | | admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.** SO ORDERED by Magistrate Judge Daniel J. Stewart on 10/9/2025. (spl) (Entered: 10/09/2025) |
| 10/10/2025 | 22 | NOTICE OF APPEARANCE by Courtney Burks on behalf of Target Corporation (Burks, Courtney) (Entered: 10/10/2025) |
| 10/13/2025 | 23 | NOTICE OF APPEARANCE by Mark J. Girouard on behalf of Target Corporation (Girouard, Mark) (Entered: 10/13/2025) |
| 10/27/2025 | 24 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Target Corporation. (Schmitt, Joseph) (Entered: 10/27/2025) |
| 10/27/2025 | 25 | MOTION to Dismiss for Failure to State a Claim filed by Target Corporation. Motion returnable before Judge Anne M. Nardacci Response to Motion due by 11/17/2025. Reply to Response to Motion due by 11/24/2025 (Attachments: # 1 Memorandum of Law, # 2 Request for Judicial Notice ISO Motion to Dismiss, # 3 Exhibit(s) A - NYDOL Opinion letter, RO-09-0170, # 4 Exhibit(s) B - NYDOL Opinion letter, RO-09-0023, # 5 Exhibit(s) C - NYDOL Opinion letter, RO-09-0169, # 6 Exhibit(s) D - NYDOL Opinion letter, RO-10-0068, # 7 Exhibit(s) E - NYDOL Opinion letter, RO-09-0190) (Schmitt, Joseph) (Entered: 10/27/2025) |
| 11/07/2025 | 26 | NOTICE OF APPEARANCE by Kaveh Dabashi on behalf of Target Corporation (Dabashi, Kaveh) (Entered: 11/07/2025) |
| 11/10/2025 | 27 | NOTICE OF APPEARANCE by Deirdre Aaron on behalf of All Plaintiffs (Aaron, Deirdre) (Entered: 11/10/2025) |
| 11/14/2025 | 28 | Letter Motion for Target Corporation requesting to Adjourn Rule 16 Initial Conference and Related Deadlines submitted to Judge Daniel J. Stewart . (Schmitt, Joseph) (Entered: 11/14/2025) |
| 11/16/2025 | 29 | NOTICE OF APPEARANCE by Peter Winebrake on behalf of Jeanna Kratzert, Neil Mosher (Winebrake, Peter) (Entered: 11/16/2025) |
| 11/16/2025 | 30 | RESPONSE in Opposition re 28 Letter Request/Motion *to Adjourn Rule 16 Conference Sine Die* filed by Jeanna Kratzert, Neil Mosher. (Baran, Hugh) (Entered: 11/16/2025) |
| 11/17/2025 | 31 | TEXT ORDER granting 28 Letter Request: The Rule 16 conference set for 11/25/2025 and the 11/18/2025 deadline for the submission of a joint Civil Case Management Plan and exchange of Mandatory Disclosures are ADJOURNED WITHOUT DATE. The hearing and related deadlines will be reset, if deemed necessary, after disposition of the 25 Motion to Dismiss. SO ORDERED by Magistrate Judge Daniel J. Stewart on 11/17/2025. (spl) (Entered: 11/17/2025) |
| 11/17/2025 | 32 | AMENDED COMPLAINT against Target Corporation filed by Jeanna Kratzert, Neil Mosher, Jon Karaffa.(Baran, Hugh) (Entered: 11/17/2025) |
| 11/24/2025 | 33 | MOTION to Dismiss for Failure to State a Claim filed by Target Corporation. Motion returnable before Judge Anne M. Nardacci Response to Motion due by 12/15/2025. Reply to Response to Motion due by 12/22/2025 (Attachments: # 1 Memorandum of Law ISO its Motion to Dismiss Plaintiffs' Amended Complaint, # 2 Request for Judicial Notice (FAC), # 3 Exhibit(s) A - NYDOL Opinion letter, RO-09-0170, # 4 Exhibit(s) B - NYDOL Opinion letter, RO-09-0023, # 5 Exhibit(s) C - NYDOL Opinion letter, RO-09-0169, # 6 D - NYDOL Opinion letter, RO-10-0068, # 7 Exhibit(s) E - NYDOL |

| | | |
|---|---|---|
| | | Opinion letter, RO-09-0190) (Schmitt, Joseph) (Entered: 11/24/2025) |
| 12/04/2025 | 34 | Letter Motion from Elena R. Anderson for Jon Karaffa, Jeanna Kratzert, Neil Mosher requesting Extension of Time to File Opposition Brief submitted to Judge Anne M. Nardacci . (Anderson, Elena) (Entered: 12/04/2025) |
| 12/09/2025 | 35 | TEXT ORDER granting Plaintiffs' 34 Letter Request, filed on consent, seeking an extension of time to file an opposition to the pending 33 Motion to Dismiss the Amended Complaint in this matter. Plaintiffs shall file an opposition on or before December 24, 2025. Any reply by the Defendant shall be filed on or before January 16, 2026. The motion is returnable before the undersigned and will be taken on submission. No oral argument will be heard unless otherwise directed by the Court. SO ORDERED by U.S. District Judge Anne M. Nardacci on 12/9/2025. (mab) (Entered: 12/09/2025) |
| 12/24/2025 | 36 | MEMORANDUM OF LAW re 33 Motion to Dismiss for Failure to State a Claim,, *Plaintiffs' Memorandum of Law Opposing Target's Motion to Dismiss the First Amended Complaint* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Baran, Hugh) (Entered: 12/24/2025) |
| 12/24/2025 | 37 | AFFIDAVIT in Opposition re 33 MOTION to Dismiss for Failure to State a Claim filed by Target Corporation. Motion returnable before Judge Anne M. Nardacci *Declaration of Hugh Baran with exhibits, in support of Plaintiffs' opposition to Target's Motion to Dismiss* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Exhibit(s) Ex. 1 - Current Miscellaneous Industries Wage Order, # 2 Exhibit(s) Ex. 2 - 1937 Text of NYLL Article 19, # 3 Exhibit(s) Ex. 3 - 1945 Retail Trade Industry Wage Order, # 4 Exhibit(s) Ex. 4 - 1949 Beauty Service Industry Wage Order, # 5 Exhibit(s) Ex. 5 - 1957 Beauty Service Industry Wage Order, # 6 Exhibit(s) Ex. 6 - 1960 Industrial Commissioner Report, # 7 Exhibit(s) Ex. 7 - 1960 Text of NYLL Article 19, # 8 Exhibit(s) Ex. 8 - 1960 Text of Miscellaneous Industries Wage Order, # 9 Exhibit(s) Ex. 9 - 2017 Emergency Reg re 12 NYCRR 142-2.1(b), # 10 Exhibit(s) Ex. 10 - 1967 Miscellaneous Industries Wage Order, # 11 Exhibit(s) Ex. 11 - 1986 Miscellaneous Industries Wage Order, # 12 Exhibit(s) Ex. 12 - Notice of Proposed Rulemaking from 10-1-1986 N.Y. Register, # 13 Exhibit(s) Ex. 13 - 1962 Text of NYLL Article 19, # 14 Exhibit(s) Ex. 14 - Barthelman v. Comm'r Indus. Bd. of Appeals Decision)(Baran, Hugh) (Entered: 12/24/2025) |
| 12/24/2025 | 38 | Letter Motion from Hugh Baran for Jon Karaffa, Jeanna Kratzert, Neil Mosher requesting Oral Argument re: Target's Motion to Dismiss submitted to Judge Nardacci *Plaintiffs' Request for Oral Argument re: ECF No. 33, Pursuant to Local Rule 7.1(a)*. (Baran, Hugh) (Entered: 12/24/2025) |
| 01/16/2026 | 39 | REPLY to Response to Motion re 33 Motion to Dismiss for Failure to State a Claim,, filed by Target Corporation. (Schmitt, Joseph) (Entered: 01/16/2026) |
| 01/16/2026 | 40 | RESPONSE in Opposition re 38 Letter Request/Motion, *requesting Oral Argument* filed by Target Corporation. (Schmitt, Joseph) (Entered: 01/16/2026) |
| 01/16/2026 | 41 | REPLY to Response to Motion re 33 Motion to Dismiss for Failure to State a Claim,, *AMENDED* filed by Target Corporation. (Schmitt, Joseph) (Entered: 01/16/2026) |
| 02/10/2026 | 42 | RESPONSE in Opposition re 33 Motion to Dismiss for Failure to State a Claim,, *MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Exhibit(s) Ex. 1 - Supplemental Authority - February 10, 2026 Decision of Connecticut Supreme Court in Del Rio v. Amazon.com Services, Inc., 354 Conn. 151 (2026))(Baran, Hugh) (Entered: |

| | | |
|---|---|---|
| | | 02/10/2026) |
| 02/11/2026 | 43 | NOTICE OF CHANGE OF ADDRESS by Jeffrey D. Wohl Old Address: Paul Hastings; 101 California Street, 48th Floor, San Francisco, CA 94111 New Address: Nilan Johnson Lewis PA; 398 Primrose Road, Suite 225, Burlingame, CA 94010 (Wohl, Jeffrey) (Entered: 02/11/2026) |
| 02/11/2026 | 44 | LETTER BRIEF *in Response to Plaintiffs Motion for Leave to File Supplemental Authority* by Target Corporation. (Schmitt, Joseph) (Entered: 02/11/2026) |
| 03/30/2026 | 45 | RESPONSE in Opposition re 33 Motion to Dismiss for Failure to State a Claim,, *MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY: Illinois Supreme Court decision in Johnson v. Amazon.com Services, LLC* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Exhibit(s) Ex. 1 - Supplemental Authority - March 19, 2026 Decision of Illinois Supreme Court in Johnson v. Amazon.com Services, LLC, 2026 IL 132016)(Baran, Hugh) Modified on 3/31/2026 to change the event type to reflect motion. (mmg). (Entered: 03/30/2026) |
| 04/01/2026 | 46 | LETTER BRIEF *in Response to Plaintiffs' Second Notice re Supplemental Authority* by Target Corporation. (Schmitt, Joseph) (Entered: 04/01/2026) |
| 04/03/2026 | 47 | NOTICE by Target Corporation *of Supplemental Authority* (Attachments: # 1 Exhibit(s) A - Bettis v. Amazon.com Services LLC, No. 24-CV-07563-LDH-JAM (E.D.N.Y. Mar. 31, 2026))(Schmitt, Joseph) (Entered: 04/03/2026) |
| 04/08/2026 | 48 | RESPONSE in Opposition re 33 Motion to Dismiss for Failure to State a Claim,, *PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY, ECF No. 47* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Exhibit(s) Ex. A - Replaced Copy of Bettis Decision (Docketed Apr. 7, 2026))(Baran, Hugh) (Entered: 04/08/2026) |
| 05/01/2026 | 49 | MOTION for Leave to File Newly Discovered Authority re 33 Motion to Dismiss for Failure to State a Claim,, *MOTION FOR LEAVE TO FILE NEWLY DISCOVERED AUTHORITY* filed by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Attachments: # 1 Exhibit(s) Ex. 1 - Newly Discovered Authority: Relevant Sept. 9, 1997 Opinion Letter of the New York State Department of Labor)(Baran, Hugh) Modified on 5/4/2026 to change event type to pending Motion. (aen). (Entered: 05/01/2026) |
| 05/04/2026 | 50 | LETTER BRIEF *in response to Plaintiffs Motion for Leave to File Newly Discovered Authority* by Target Corporation. (Schmitt, Joseph) (Entered: 05/04/2026) |
| 08/10/2026 | 51 | TEXT ORDER granting Plaintiffs' 38 Letter Request seeking oral argument as to Defendant's 25 Motion to Dismiss in this matter. Counsel are directed to appear before the undersigned at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY, 1st Floor, Courtroom No. 6 on **Tuesday, August 25, 2026 at 1:30 PM** to be heard as to the pending motion. SO ORDERED by U.S. District Judge Anne M. Nardacci on 8/10/2026. (mab) (Entered: 08/10/2026) |
| 08/12/2026 | 52 | *Consent* Letter Motion from Hugh Baran for Jon Karaffa, Jeanna Kratzert, Neil Mosher requesting Adjournment of Oral Argument Date submitted to Judge Nardacci . (Baran, Hugh) (Entered: 08/12/2026) |
| 08/12/2026 | 53 | TEXT ORDER: The Court has received and reviewed the Consent Letter Motion filed by counsel for Plaintiffs and the Proposed Class on August 12, 2026, Dkt. No. 52 , asking the Court to adjourn the oral argument on Defendant's motion to dismiss, Dkt. No. 33 , currently set for August 25, 2026 at 1:30 p.m., Dkt. No. 51 . The Court is |

| | | |
|---|---|---|
| | | unavailable on the dates proposed by counsel. Counsel for the Parties are directed to confer to identify their availability, if any, between the dates of September 8 and September 15, 2026. If counsel for the Parties are unavailable during this time period, the Court will decide the motion without oral argument. SO ORDERED by U.S. District Judge Anne M. Nardacci on 8/12/2026. (mab) (Entered: 08/12/2026) |
| 08/17/2026 | 54 | STATUS REPORT - *Letter responding to ECF No. 53, regarding argument date* by Jon Karaffa, Jeanna Kratzert, Neil Mosher. (Baran, Hugh) (Entered: 08/17/2026) |
| 08/18/2026 | 55 | TEXT ORDER: Based upon the Status Report filed on August 17, 2026, Dkt. No. 54 , oral argument as to the Defendant's 25 Motion to Dismiss in this matter will proceed as scheduled on **August 25, 2026 at 1:30 PM**. Counsel are directed to appear before the undersigned at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY, 1st Floor, Courtroom No. 6 on the scheduled date and time. In connection with the upcoming oral argument, the Court encourages the participation of junior members of the legal teams. The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate. The ultimate decision as to who speaks on behalf of the client(s) is for the lawyer in charge of the case, not the Court. SO ORDERED by U.S. District Judge Anne M. Nardacci on 8/18/2026. (mab) (Entered: 08/18/2026) |
| 08/25/2026 | | Text Minute Entry for proceedings held before U.S. District Judge Anne M. Nardacci: Oral Argument held on 8/25/2026. Appearances: Deirdre Aaron, Esq, Elena Rodriguez Anderson, Esq. and Jessica Westerman, Esq. for Plaintiffs; Courtney Burks, Esq. and Sara Brady Tomezsko, Esq. for Defendant. The Court heard oral argument as to Defendant's pending motion to dismiss in this matter. After hearing from counsel, the Court reserves on a decision. A written Order will be issued accordingly. (TIME: 1:36PM-2:42PM). (Court Reporter: Jacquelyn Gecewicz/CRD: Maria Blunt). (mab) (Entered: 08/27/2026) |
| 09/16/2026 | 56 | MEMORANDUM-DECISION and ORDER. The Court hereby ORDERS that Defendant's Motion to Dismiss, Dkt. No. 33 , is GRANTED. The Court hereby ORDERS that the Amended Complaint, Dkt. No. 32 , is DISMISSED with prejudice and without leave to amend. The Court further ORDERS that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules. Signed by U.S. District Judge Anne M. Nardacci on 9/16/2026. (mab) (Entered: 09/16/2026) |
| 09/16/2026 | 57 | JUDGMENT. IT IS ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, Dkt. No. 33, is GRANTED. Plaintiffs' Amended Complaint, Dkt. No. 32, is DISMISSED with prejudice and without leave to amend. All of the above in accordance with the Memorandum-Decision and Order issued by the Honorable Anne M. Nardacci, U.S. District Judge, on September 16, 2026. (mab) (Entered: 09/16/2026) |
| 09/17/2026 | 58 | TRANSCRIPT REQUEST by Jon Karaffa, Jeanna Kratzert, Neil Mosher for proceedings held on August 25, 2026 before Judge Anne M. Nardacci.. (Anderson, Elena) (Entered: 09/17/2026) |
| 09/21/2026 | 59 | TRANSCRIPT REQUEST by Target Corporation for proceedings held on August 25, 2026 before Judge Anne M. Nardacci.. (Schmitt, Joseph) (Entered: 09/21/2026) |
| 09/29/2026 | 60 | NOTICE OF APPEAL as to 56 Order on Letter Request,, Order on Motion for Miscellaneous Relief,, Order on Motion to Dismiss for Failure to State a Claim, 57 Judgment, - *Notice of Appeal of Final Judgment Granting Defendant's Motion to Dismiss Under Rule 12(b)(6) and Denying Leave to Amend* by Jon Karaffa, Jeanna |

| | | |
|---|---|---|
| | | Kratzert, Neil Mosher. Filing fee $ 605, receipt number ANYNDC-7781432. (Baran, Hugh) (Entered: 09/29/2026) |
| 09/30/2026 | 61 | TRANSCRIPT of Proceedings: Oral Argument on Motion to Dismiss held on 08/25/2026 before Judge Anne M. Nardacci, Court Reporter: Jacquelyn B. Gecewicz, Telephone number: (518) 257-1894. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/21/2026. Redacted Transcript Deadline set for 11/2/2026. Release of Transcript Restriction set for 12/29/2026. Notice of Intent to Redact due by 10/5/2026 (jbg, ) (Entered: 09/30/2026) |
| 09/30/2026 | 62 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 60 Notice of Appeal. (aen) (Entered: 09/30/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/06/2026 18:38:07 | | | |
| **PACER Login:** | hbaran8800 | **Client Code:** | KRATZERT |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-01171-AMN-DJS |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

**(4) Copy of All Relevant Opinions/Orders Forming the Basis of this Appeal**

Attached please find a copy of the District Court's Memorandum Decision and Order granting Defendant's Rule 12(b)(6) motion to dismiss, and the Judgment dismissing the action pursuant to that Order.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JEANNA KRATZERT, NEIL MOSHER, and JON KARAFFA, individually and on behalf of all others similarly situated,

*Plaintiffs*,

1:25-cv-01171 (AMN/DJS)

v.

TARGET CORPORATION,

*Defendant*.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **KATZ BANKS KUMIN LLP**<br>111 Broadway, Suite 1403<br>New York, New York 10006 | **HUGH BARAN, ESQ.**<br>**ELENA RODRIGUEZ ANDERSON, ESQ.** |
| 11 Dupont Circle NW, Suite 600<br>Washington, D.C. 20036 | **JESSICA WESTERMAN, ESQ.** |
| **WINEBRAKE & SANTILLO, LLC**<br>715 Twining Road, Suite 211<br>Dresher, Pennsylvania 19025<br>*Attorneys for Plaintiffs* | **DEIRDRE AARON, ESQ.**<br>**PETER WINEBRAKE, ESQ.** |
| **NILAN JOHNSON LEWIS PA**<br>244 Fifth Avenue, Suite F276<br>New York, New York 10001 | **JOSEPH G. SCHMITT, ESQ.**<br>**MARK J. GIROUARD, ESQ.**<br>**COURTNEY L. BURKS, ESQ.** |
| **PAUL HASTINGS LLP**<br>101 California Street, 48th Floor<br>San Francisco, California 94111 | **JEFFREY D. WOHL, ESQ.** |
| 200 Park Avenue<br>New York, New York 10166<br>*Attorneys for Defendant* | **SARA B. TOMEZSKO, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiffs Jeanna Kratzert, Neil Mosher, and Jon Karaffa (collectively, "Plaintiffs") bring this putative class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), against defendant Target Corporation ("Defendant"), alleging violations of the New York Labor Law. Dkt. No. 32 ("Amended Complaint"); *see also* Dkt. No. 1.

Presently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"). Dkt. No. 33 ("Motion"). Plaintiffs filed an opposition, Dkt. No. 36, and Defendant filed a reply in further support, Dkt. No. 41. Both parties also moved for leave to file supplemental authority. Dkt. Nos. 42 (citing *Del Rio v. Amazon.com Services, Inc.*, 354 Conn. 151 (2026)); 44 (opposing); 45 (citing *Johnson v. Amazon.com Services*, LLC, 2026 IL 132016); 46 (opposing); 47 (citing *Bettis v. Amazon.com Services LLC*, No. 24-CV-07563-LDH-JAM, 2026 WL 880208 (E.D.N.Y. Mar. 31, 2026)); 48 (opposing); 49 (citing New York Dep't Lab. Ltr. Re: Req. for Op., Comp. for Period Between Reporting Time and "Clocking" Time (Sept. 9, 1997)); 50 (opposing).[1] On Plaintiffs' request, the Court heard oral argument on the Motion on August 25, 2026. For the reasons set forth below, the Court grants the Motion.

## II. BACKGROUND

### A. The Parties

Defendant is a Minnesota corporation with its principal place of business in Minnesota. Dkt. No. 32 at ¶ 13. Defendant is a retailer that employs thousands of workers across the United

[1] As the Court indicated during the August 25, 2026 hearing, all such motions for leave are granted.

States in distribution centers, or warehouses, to support its online and in-person retail operations. *Id.* at ¶ 1. Defendant operates two such warehouses in Wilton, New York and Amsterdam, New York. *Id.* at ¶ 2.

Plaintiffs are current and former employees at Defendant's Wilton and Amsterdam locations who work or worked as warehouse workers variously in Defendant's shipping, inbound, and outbound departments. *Id.* at ¶¶ 10-12.

**B. Plaintiffs' Factual Allegations**

Plaintiffs allege that Target has failed to pay Plaintiffs and similarly-situated employees for all the time they are required to be present in Defendant's warehouses because Plaintiffs must walk from a security checkpoint at the entrance to their assigned departments—in some cases up to half a mile—before they may "clock in" and begin to receive compensation. *Id.* at ¶ 3. Plaintiffs allege that Defendant failed to compensate them for their time spent walking to and from security checkpoints at its warehouse entrances to their assigned work areas. *Id.* at ¶ 4. They contend that this walking time—ranging from three or four minutes in each direction for certain of Plaintiff Kratzert's shifts, to ten or fifteen minutes in each direction per shift for Plaintiff Karaffa, *id.* at ¶¶ 38-41, 45-48—must be compensated pursuant to New York State's minimum wage, overtime, and promised wage statutes, and should have been included in their statutorily-mandated wage statements, *id.* at ¶¶ 5, 6, 52; *see also* Dkt. No. 37.

**C. Plaintiffs' Legal Claims**

Based on these allegations, Plaintiffs assert four causes of action under New York State labor law ("NYLL"): (i) failure to pay minimum wages in violation of NYLL §§ 650, 652, 193, and implementing regulations, Dkt. No. 32 at ¶¶ 95-104; (ii) failure to pay overtime wages in violation of NYLL § 652 and implementing regulations, *id.* at ¶¶ 105-111; (iii) failure to pay

promised wages in violation of NYLL §§ 193 and 198, *id.*at ¶¶ 112-118; and (iv) failure to provide accurate wage statements in violation of NYLL § 195(3), *id.* at ¶¶ 119-125.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

## IV. DISCUSSION

In New York, two statutory schemes govern the obligations that employers owe to their workers: the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), as amended by the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.* (the "PPA"), and the NYLL. Although Plaintiffs do not purport to bring any claims under federal law, the interaction of these statutes is nonetheless critical to the disposition of their state law claims.

### A. The FLSA and the PPA

Enacted in 1938, the FLSA sets a floor for worker protection, including setting a minimum wage and a forty-hour workweek threshold for overtime compensation, and providing for a private right of action to recover backpay for owed compensation. *See* 29 U.S.C. § 206 (establishing federal minimum wage); § 207 (establishing a forty-hour workweek threshold for overtime compensation and various exceptions and exemptions); § 213 (establishing further exemptions to minimum wage and overtime requirements); § 216(b) (providing for a private right of action to recover unpaid minimum wages and overtime compensation).

Shortly after Congress enacted the FLSA, the Supreme Court issued three landmark decisions interpreting certain of its provisions as requiring minimum and overtime compensation for the time workers spent traveling within their employer's facility to their assigned work locations. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 691 (1946) (analyzing whether employee time spent "walking to work on the employer's premises, following the punching of time clocks," constitutes "working time within the scope of [Section] 7(a)" of the FLSA); *Tenn. Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590, 597 (1944) ("Accordingly we view Sectio[n] 7(a) . . . of the [FLSA] as necessarily indicative of a Congressional intention to guarantee [h]igher regular or overtime compensation for all actual work or employment."); *Jewell Ridge*

Case: 26-751, 10/06/2026, DktEntry: 9.1, Page 24 of 46

*Coal Corp. v. Loc. No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945) (conclusion that intra-facility travel within employer's mines qualified as work was the "only method of achieving the plain design of Section 7(a).").

These Supreme Court cases led to a flood of litigation as workers around the nation brought similar claims for backpay. *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31-32 (2014). In 1947, Congress enacted the PPA, explicitly abrogating these cases and foreclosing future recovery for overtime claims based on intra-facility travel time under federal law. *Id.* at 32; *see also* 29 U.S.C. § 251 *et seq.*

The parties agree that Plaintiffs' claims are not cognizable under the FLSA, as amended by the PPA. *See* Dkt. No. 32 at ¶ 5 n.1, 98; Dkt. No. 33-1 at 6; *see also* 29 U.S.C. § 254(a)(1) (excluding from the FLSA's minimum wage guarantees time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which [the] employee is employed to perform" and on "activities which are preliminary to or postliminary to said principal activity or activities"); *Integrity Staffing Sols., Inc.* 574 U.S. at 29 (finding that the FLSA, as amended by the PPA, did not require employers to compensate time spent in security screening while leaving a warehouse). Nevertheless, states may exceed the floor that the federal scheme establishes, *see* 29 U.S.C. § 218; Dkt. No. 41 at 2, and Plaintiffs urge that New York has done so with respect to, *inter alia*, the scope of work subject to state minimum wage and overtime requirements, Dkt. No. 36 at 9 (citing *Cedeno v. Able Health Care Serv., Inc.*, 2019 NY Slip Op 33624(U), at *2 (Sup. Ct. N.Y. Cnty. Dec. 11, 2019) ("New York has availed itself of the opportunity" to go above the FLSA's minimum standards with respect to the minimum wage)).

**B. The NYLL and the Miscellaneous Wage Order**

The NYLL independently provides protections for workers, including a minimum wage, overtime compensation scheme, and private right of action for backpay. *See* N.Y. Lab. L. § 650 (declaring that "minimum wage standards shall be established and maintained" and declaring the "policy of the state of New York" that the insufficiency of certain wages be "eliminated as rapidly as practicable"); § 652 (establishing a scheme of minimum wages); § 193 (forbidding employers from "mak[ing] any deduction from the wages of an employee," subject to certain exceptions); § 195 (requiring employers to furnish and maintain records of employee compensation); § 198 (establishing a private right of action for employees to recover from their employers back wages accrued during the "six years previous to the commencing of such action" and certain other costs). The statute has undergone several decades of revision, amendment, and re-enactment. In its current form, the NYLL delegates to the New York State Department of Labor ("NYSDOL") the authority to issue regulations necessary to carry out the NYLL's minimum wage and overtime provisions. N.Y. Lab. L. § 21(11). As relevant here, in 1960 the NYSDOL promulgated the Minimum Wage Order for Miscellaneous Industries and Occupations (the "Miscellaneous Wage Order"), codified as 12 N.Y.C.R.R. § 142-2.2. Amendments to the NYLL have consistently provided that "[t]he minimum wage orders issued prior to the effective date of [the amendment] shall remain in full force and effect, except as modified in accordance with the provisions of [the NYLL]," *see* N.Y. Lab. L. § 652(2), and the NYSDOL has similarly iterated the Miscellaneous Wage Order, such that it now covers most New York workers, *see Almonte v. 437 Morris Park, LLC*, No. 14 CIV. 5951 (KPF), 2015 WL 7460019, at *3 (S.D.N.Y. Nov. 24, 2015).

At issue here are two provisions of Subpart 142-2 of the Miscellaneous Wage Order, which govern Plaintiffs' compensation. *See* Dkt. No. 33-1 at 1; Dkt. No. 36 at 1.

Case: 26-0751, 10/06/2026, DktEntry: 9.1, (26 of 46)

Section 142-2.1 in its current form provides a matrix of minimum hourly wages applicable during various years in the past decade, 12 N.Y.C.R.R. § 142-2.1(a), and mandates that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer, and shall include time spent traveling to the extent that such traveling is part of the duties of the employee," *id.* § 142-2.1(b). Section 142-2.1 includes two references to federal law, first recognizing that federal law may establish a higher floor of wages that must control, *id.* § 142-2.1(a)(4) (citing 29 U.S.C. § 206); and second incorporating federal limitations for meal periods and sleep times as to home care aides who work a shift of 24 hours or more, *id.* § 142-2.1(b) (citing 29 C.F.R. §§ 785.19, 785.22).[2]

Section 142-2.2 draws more heavily from federal statute, providing that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended," subject to certain exceptions not relevant to this dispute.[3]

**C. Plaintiffs' Claims for Minimum Wage and Overtime Compensation**

The core of the parties' dispute is therefore (1) whether the NYLL's references to certain provisions of the FLSA "as amended" also incorporate the PPA's limitations[4] on compensable

---

[2] Part 785 of 29 C.F.R. generally provides the "principles involved in determining what constitutes working time" for purposes of federal minimum wage and overtime law. 29 C.F.R. § 785.1.

[3] Section 7 of the FLSA similarly mandates overtime payment at a rate of one and one-half times the employee's regular rate, for work in excess of forty hours in a week, 29 U.S.C. § 207(a), subject to various industry-specific exemptions inapplicable here, *id.* at § 207(b), (f)-(q). It further defines the term "regular rate" to exclude certain compensation like gifts, paid time off, reimbursement for expenses, insurance benefits, and the like. *Id.* at § 207(e). Section 13 provides additional exemptions to the requirements of Section 7 and the federal minimum wage, again inapplicable here. *Id.* at § 213.

[4] For the sake of concision, the Court refers to the PPA's clarification that the FLSA does not affirmatively require employers to compensate certain activities as a 'limitation' on

hours; and if not, (2) whether Plaintiffs' walking time fits within the definition of work provided in the Miscellaneous Wage Order. Because the Court concludes that the NYLL incorporates the PPA's limitations, it need not address the latter question.

A federal court presented with a state law claim pursuant to diversity jurisdiction is "bound by the law of the state in which it sits." *Arizona Beverages USA, LLC v. Hanover Ins. Co.*, No. 23-1177, 2025 WL 2502552, at *2 (2d Cir. Sept. 2, 2025) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938)). Federal courts "'look to the state's decisional law, as well as to its constitution and statutes'" to resolve questions of state law. *Shugars v. Masonite Corp.*, No. 22-cv-1237 (MAD/ML), 2023 WL 7280902, at *5 (N.D.N.Y. Nov. 3, 2023) (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020)). Absent dispositive state authority on point, a federal court is "obligated to 'carefully . . . predict how the state's highest court would resolve the uncertainty or ambiguity.'" *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) (alteration in original) (quoting *Maska U.S., Inc. v. Kansa Gen. Ins. Co.*, 198 F.3d 74, 78 (2d Cir.1999)).

The "starting point in any case of interpretation must always be giving effect to the plain meaning of the statute or regulation." *People v. Hernandez*, 197 N.Y.S.3d 900, 902 (N.Y. Crim. Ct. 2023) (citing *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 583 (1998)). New York courts take further guidance from the state administrative agency that promulgated the regulation at issue, so long as its interpretation does not "conflic[t] with the plain meaning of the promulgated language." *Visiting Nurse Serv. of New York Home Care v. New York State Dep't of Health*, 5 N.Y.3d 499, 506 (2005) (citing *Matter of 427 W. 51st St. Owners Corp. v. Division of Hous. & Community Renewal*, 3 N.Y.3d 337, 342 (2004)). A regulation composed of multiple

compensability. It should be noted, however, that nothing in the PPA *limits* an employer from incurring contractual obligations or otherwise choosing to compensate activities falling within the PPA's ambit. *See* 29 U.S.C. § 254(b); *see generally* Dkt. No. 32.

parts "'must be construed as a whole and . . . its various sections must be considered together and with reference to each other.'" *E. Acupuncture, P.C. v. Allstate Ins. Co.*, 873 N.Y.S.2d 335, 340 (2009) (quoting *People v. Mobil Oil Corp.*, 48 N.Y.2d 192, 199 (1979)). "[E]very word [in a statute or regulation] is to be given effect." *Bolden v. Blum*, 418 N.Y.S.2d 229, 231, *aff'd*, 48 N.Y.2d 946, 401 N.E.2d 217 (1979) (citing *Schrider v. National Distillers & Chem. Corp.*, 380 N.Y.S.2d 805 (1976)); *see also* N.Y. Stat. Law § 98.

While the parties have directed the Court to a handful of state court cases that have addressed the extent to which the NYLL and FLSA overlap, *see* Dkt. No. 33-1 at 9-10 (citing, *inter alia*, *Scott Wetzel Servs. Inc. v. N.Y. State Bd. of Indus. Appeals*, 252 A.D.2d 212, 213 n.1 (N.Y. App. Div. 1998)); *id.* at 14-15 (citing *Henix v. Liveonny, Inc.*, 2021 WL 127046, at *5–6 (N.Y. Sup. Ct. Jan. 13, 2021)); Dkt. No. 36 at 9 (citing, *inter alia*, *Cedeno*, 2019 NY Slip Op 33624(U), at *1), the Court is unaware of controlling authority from the New York State Court of Appeals, nor any other state court, addressing the precise issue before the Court. The Court accordingly begins with the text of the regulations at issue.

**1. Section 142-2.1**

As noted above, Section 142-2.1 provides a straightforward explanation of the scope of hours for which employers must provide the minimum wage under the NYLL. *See* Section IV(B), *supra*; 12 N.Y.C.R.R. § 142-2.1(b). In delineating the time for which the minimum wage must be paid, the NYSDOL utilized language distinct from the PPA's "principal activities" rule and its preliminary and postliminary carve-outs. *Compare* 12 N.Y.C.R.R. § 142-2.1(b) ("The minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer . . . .") *with* 29 U.S.C. § 254(a)(2) ("no employer shall be subject to any liability or punishment under the [FLSA], as amended, . . . on account of the

failure of such employer to pay an employee minimum wages . . . [for] walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and . . . activities which are preliminary or postliminary to said principal activity or activities"). It nevertheless incorporated a narrow set of federal exclusions to the minimum wage requirement through explicit reference to two federal regulations that implement the FLSA. 12 N.Y.C.R.R. § 142-2.1(b) (citing 29 C.F.R. §§ 785.19, 785.22). The text of this Section suggests that the NYSDOL was aware of the FLSA and its implementing regulations when it set New York's minimum wages, and that it chose to incorporate only two specific provisions of that federal law into its minimum wage regulation.

**2. Section 142-2.2**

Section 142-2.2, meanwhile, draws heavily from federal law, though the parties dispute just how much of the FLSA is incorporated into the Miscellaneous Wage Order. *See* Section IV(B), *supra*; 12 N.Y.C.R.R. § 142-2.2. Defendant urges that Section 142-2.2 is limited by the PPA because Section 142-2.2 incorporates into New York law Sections 7 and 13 of the FLSA, as amended, and the PPA amends Section 7. Dkt. No. 33-1 at 9; Dkt. No. 41 at 1. Plaintiffs counter that NYSDOL's reference to Sections 7 and 13 serves to incorporate only "specific categories of overtime-exempt employees," which are "not amended by the PPA." Dkt. No. 36 at 11-12.

To resolve this dispute, the Court begins with the regulation's plain text. *See Majewski*, 91 N.Y.2d at 583. Plaintiffs are correct that Section 142-2.2 refers to two specific sections of the FLSA, and this deliberate drafting choice counsels against reading a wholesale adoption of the FLSA as amended by the PPA into the Miscellaneous Wage Order. Nevertheless, the breadth of the "manner and methods" of Section 7, read in the historical context of Section 142-2.2's drafting,

should not be understated. After the FLSA was first enacted, the Supreme Court was confronted thrice over with questions of what constitutes "working time within the scope of [Section] 7(a)." *Anderson*, 328 U.S. at 691; *see also Tenn. Coal, Iron & R. Co.*, 321 U.S. at 597; *Jewell Ridge Coal Corp.*, 325 U.S. at 166-167. In each case the Court held that intra-facility travel time, analogous to Plaintiffs' walking time, constituted work within the meaning of Section 7. *See Battaglia v. Gen. Motors Corp.*, 169 F.2d 254, 258 (2d Cir. 1948) (these cases all "constru[ed] [S]ection 7 as to include time spent in so-called portal to portal activities in the '[workweek]' of employees"); *Anderson*, 328 U.S. at 691 ("But the time necessarily spent by the employees in walking to work on the employer's premises . . . was working time within the scope of [Section] 7(a)."); *Tenn. Coal, Iron & R. Co.*, 321 U.S. at 600 ("[T]he facts relating to underground travel in ore mines leaves no uncertainty as to its character as work."); *Jewell Ridge Coal Corp.*, 325 U.S. at 166 ("[U]nderground travel in petitioner's two mines is work and . . . should be included within the workweek for purposes of Section 7(a)."). These are precisely the decisions that prompted Congress to amend the FLSA, via the PPA. *See Battaglia*, 169 F.2d at 262 (2d Cir. 1948) (these cases served to "creat[e] the conditions Congress undertook to remedy, as it expressly stated in [S]ection 1(a) of the [PPA]."). The question of what activities constitute work that must be compensated is therefore integral to the "manner and methods" of calculating a forty-hour workweek under Section 7. 12 N.Y.C.R.R. § 142-2.2; *see* 29 C.F.R. § 785.1 (maximum hours threshold provided in Section 7 necessitates principles to "determin[e] what constitutes working time.").

Plaintiffs counter that the notice of proposed rulemaking for Section 142-2.2 explicitly asserts that the purpose of the amendment that added the reference to Sections 7 and 13 was to "modify 'all current wage orders to require an overtime rate of one and one half times the regular

hourly wage, subject to all the exemptions set forth under Sections 7 and 13 of the [FLSA], as amended, except those exemptions set forth in Section 13(a)(2) and 13(a)(4).'" Dkt. No. 36 at 7-8 (quoting Dkt. No. 37-12 (N.Y. Register (Oct. 1, 1986) at 10-11)) (alteration in original). Whatever the NYSDOL's professed intention at the time it proposed these changes, however, the Miscellaneous Wage Order as promulgated refers not only to the "exemptions," but also the "manner and methods" provided in Sections 7 of the FLSA, as amended. 12 N.Y.C.R.R. § 142-2.2. The Supreme Court interpreted, and Congress amended, Section 7 some four decades before the NYSDOL added the relevant language to the Miscellaneous Wage Order. The Court must presume that the NYSDOL was aware of Section 7's and the PPA's historical context, and that if the Department intended only to incorporate its *exemptions*, it would have constrained its revisions to the same language it used in its own proposal. The additional language included in the final Miscellaneous Wage Order must be given effect, and its effect is to incorporate Section 7, as amended by the PPA. *See Bolden*, 418 N.Y.S.2d at 231 (When interpreting a statute, "every word is to be given effect.").

This reading of Section 142-2.2 of the Miscellaneous Wage Order, while consistent with the FLSA, nevertheless presents a conflict with the interpretation of Section 142-2.1 discussed above. Assuming *arguendo* that Plaintiffs' walking time would otherwise be compensable under the NYLL, the Court's analysis thus far suggests that these Sections would require Defendant to pay minimum wage for their walking time, but exclude the same time from the calculus for purposes of overtime compensation. *See Bettis*, 2026 WL 880208 at *7. This inconsistency strikes the Court as unlikely to have been NYSDOL's intent in promulgating these Sections. Reading the two Sections in harmony, the only way to give effect to Section 142-2.2's incorporation of Section 7, as amended, while avoiding an absurd result, is to find that NYSDOL intended to

Case: 26-2751 10/06/2026 DktEntry: 9.1 (32 of 46)

incorporate the limitations on compensability found in Section 7 of the FLSA, as amended by the PPA, into the Miscellaneous Wage Order generally. The Court therefore finds that the Miscellaneous Wage Order does not require Defendant to compensate Plaintiffs' walking time.[5]

**3. NYSDOL's Interpretations**

The parties have collectively directed the Court to six Opinion Letters authored by NYSDOL's Counsel's Office to support their positions with respect to the intent behind the Miscellaneous Wage Order. *See* Dkt. Nos. 33-3 ("January 2009 Letter"); 33-4 ("March 2009 Letter"); 33-5 ("March 2010 Letter"); 33-6 ("May 2010 Letter"); 33-7 ("August 2010 Letter"); 49-1 ("September 1997 Letter"). Plaintiffs further cites a decision by the New York State Industrial Board of Appeals. *See* Dkt. No. 36 at 17-18 (quoting *Fred Barthelman III v. Comm'r of Lab.*, PR 14-114 (Ind. Bd. of Appeals, Dec. 13, 2017)). These administrative pronouncements indicate that the Court's interpretation of the Miscellaneous Wage Order accords with NYSDOL's intent and the general practice within the state of New York and reinforce the Court's conclusion that Plaintiffs' walking time need not be compensated.

[5] This conclusion accords with the various New York state and federal district court opinions that the parties have cited, which resolved similar but distinguishable questions of law. For example, the court in *Henix*, in considering whether the NYLL requires compensation for tissue recovery specialists' time spent on call and traveling to various job sites, noted that the NYSDOL "interprets the language of the [Miscellaneous Wage Order] 'in line with the federal regulations regarding travel time under the Fair Labor Standards Act'" in rejecting the plaintiffs' claims. 2021 WL 127046, at *5 (quoting *Andryeyeva v. New York Health Care, Inc.*, 33 NY3d 152, 174 (2019)). And similarly, in *Beecher v. TWC Admin. LLC*, the court found that cable field technicians' commutes from their homes to their first field assignment of each day and from their final assignment back to their homes was not compensable, because the "NYLL follows the FLSA with respect to whether time commuting to and from work is compensable" in those circumstances. No. 15-CV-00154-WMS-JJM, 2016 WL 11113685, at *6 (W.D.N.Y. Aug. 22, 2016). Both cases pertained to time spent away from the respective employers' premises, and the plaintiffs in those matters do not appear to have challenged the propriety of the NYSDOL's practice of interpreting the Miscellaneous Wage Order with reference to federal law, as Plaintiffs do here. The decisions nevertheless indicate the prevailing interpretation of New York's Miscellaneous Wage Order to date.

**a. NYSDOL Opinion Letters**

Plaintiffs note that certain of the Opinion Letters confine their decisions to the facts presented, all of which Plaintiffs contend are distinguishable from the instant case. Dkt. No. 36 at 20 (first citing Dkt. Nos. 33-7; 33-6; 33-3; and then citing *Marin v. Apple-Metro, Inc.*, No. 12-CV-5274 (ENV/CLP), 2020 WL 6157011, at *11 (E.D.N.Y. Oct. 21, 2020)). The Court agrees that the Opinion Letters' persuasive value turns on the similarity of the issues presented but notes that their limited scope does not preclude the Court from nevertheless considering their conclusions. *See, e.g.*, *Andryeyeva*, 33 N.Y.3d, 167 (analyzing the March 2010 Letter and a "long line of official statements by DOL" as instructive as to the Miscellaneous Wage Order).

The January 2009, March 2009, March 2010, May 2010, and August 2010 letters specifically address questions about the application of Section 142-2.1. *See* Dkt. No. 33-3; Dkt. No. 33-4; Dkt. No. 33-5 at 3-4; Dkt. No. 33-6; Dkt. No. 33-7 at 1-2.

The August 2010 Letter addressed, *inter alia*, an employer's obligation to an employee on a "trip to another store outside of the employee's usual location." Dkt. No. 33-7 at 2. The NYSDOL noted that the facts given were insufficient to provide a complete answer but directed the recipient to "consult federal regulations 29 C.F.R. § 785.33 *et seq.* for more information . . . ."[6] *Id.*; *see also Henix*, 2021 WL 127046, at *5 (relying on, *inter alia*, the August 2010 Letter for insight into the scope of the Miscellaneous Wage Order); *Beecher*, 2016 WL 11113685, at *6

[6] Section 785.33 is the introductory Section which introduces the Subpart of Part 785 that addresses the compensability of travel time. Notably, the Section immediately subsequent to 29 C.F.R. § 785.33 addresses the "[e]ffect of section 4 of the Portal-to-Portal Act," 29 U.S.C. § 254, including that "traveltime at the commencement or cessation of the workday which was originally considered as working time under the Fair Labor Standards Act (such as . . . walking from time clock to work-bench) need not be counted as working time" under the FLSA as amended by the PPA. 29 C.F.R. § 785.34 (first citing *Tenn. Coal, Iron & RR. Co.*, 321 U.S. 590 (1946) and then citing *Anderson*, 328 U.S. 690 (1946)) (additional citation omitted).

(same). In the May 2010 Letter, the NYSDOL considered a traveling technician's right to compensation for time spent traveling from a rented parking spot to the first stop of the day and similarly explained that NYSDOL interprets Section 142-2.1 "in line with the federal regulations for travel time." Dkt. No. 33-6 at 2 (citing 29 C.F.R. § 785.38); *see also Beecher*, 2016 WL 11113685, at *6 (relying on, *inter alia*, the May 2010 Letter for insight into the scope of the Miscellaneous Wage Order). The March 2009 Letter concerned a thirty-minute window of travel between job sites for employees working shifts at multiple locations. Dkt. No. 33-4 at 1. There, the NYSDOL noted that New York may "enforce state Labor Laws that benefit or protect employees to a greater degree than do the provisions of the Federal Law," *id.* at 1 (citing 29 U.S.C. § 218(a)); the Letter nevertheless cited federal regulation as instructive as to whether the travel time constituted working time, *id.* at 2 (citing 29 C.F.R. § 785.6); *see also Beecher*, 2016 WL 11113685, at *6 (relying on, *inter alia*, the March 2009 Letter for insight into the scope of the Miscellaneous Wage Order). Most tellingly, the January 2009 Letter addresses the question of whether NYSDOL follows the PPA in assessing compensability of travel time. Dkt. No. 33-3 at 1. The NYSDOL declined to "evaluate whether the applicable provisions of the [NYLL] are consistent with or in line with all of the provisions and regulations of the [PPA] under all circumstances," but referred the recipient to 29 C.F.R. § 785.35. *Id.* at 2. Taken together, the references in these letters to the federal regulations suggest that the Miscellaneous Wage Order, through Section 142-2.2's wholesale incorporation of the "manner and methods" of Section 7 of the FLSA, incorporates the PPA's limitations on compensability into Section 142-2.1, regardless of the latter Section's more circumscribed textual references. *Compare* Dkt. Nos. 33-3, 33-4, 33-6, and 33-7 *with* 12 N.Y.C.R.R. § 142-2.1 (incorporating exclusions in 29 C.F.R. §§ 785.19, 785.22 only).

The September 1997 Letter does not undercut this conclusion. *See* Dkt. No. 49-1. There, the NYSDOL addressed whether the NYLL required compensation for Yankee Stadium workers who were "required to report to work at a specified time," but nevertheless had to "report to management at one location, receive their work assignments, and report to the manager at their work location" before clocking in. *Id.* at 5. The NYSDOL concluded that "[o]nce an employer has directed an employee to report to work at a specified time, that employee is 'employed' and 'working' within the meaning of the [NYLL], and must be paid at least the minimum wage for all time during which such employee is required to remain on the employer's premises while waiting to report to such employee's actual work location." *Id.* The facts presented in the September 1997 Letter, while at first blush closely analogous to those in the Amended Complaint, nevertheless describe time compensable under the PPA because the Yankee Stadium employees were both "required to report to work at a specified time," and then had to report to management to receive their work assignments before they could be clocked in. *Id.* The NYSDOL's endorsement of compensation for the Yankee Stadium workers therefore provides no insight into whether the NYLL exceeds the floor set by the FLSA, as amended by the PPA, because the outcome reached in the September 1997 Letter accords with the requirements of federal law. *See, e.g.*, 29 C.F.R. § 785.38 ("Where an employee is required to report at a meeting place to receive instructions . . . the travel from the designated place to the work place is part of the day's work."). The September 1997 Letter is accordingly consistent with a conclusion that Section 142-2.1 incorporates the PPA's limitations. The Court is therefore unaware of any NYSDOL Opinion Letter suggesting that time subject to the PPA's limitations would nevertheless be compensable under the NYLL.

The Court concludes that the Opinion Letters, while not directly on point, support the Court's conclusion that the NYSDOL intended to import the PPA's travel compensability limitations into the minimum wage provisions as well as the overtime provisions of the Miscellaneous Wage Order.

**b. New York State Industrial Board of Appeals**

Plaintiffs further contend that the conclusion reached in *Fred Barthelman III v. Comm'r of Lab.* suggests that New York minimum wage law does not incorporate the PPA. PR 14-114 (Ind. Bd. of Appeals, Dec. 13, 2017).

The reasoning in *Fred Barthelman III* further buttresses the Court's conclusion regarding Section 142-2.1. There, the Industrial Board of Appeals found that the petitioner had to compensate employees' time spent driving to a parking area, walking to a barn where trucks and equipment were stored, and waiting for team members to arrive. *Id.* at *23-25. The Board reached this conclusion by analyzing the "FLSA's regulations regarding 'waiting time' when an employee is 'on duty.'" *Id.* at 24 (citing *Asoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003)). In particular, the Board cited 29 C.F.R. § 785.15, noting that the employees' waiting time was "short and unpredictable" and involved "waiting for assignments or other crew members." *Id.* This reasoning further establishes that Section 142-2.1 has been consistently read in the context of a wide range of federal regulations promulgated under the FLSA, despite it explicitly incorporating only the exclusions in 29 C.F.R. §§ 785.19 and 785.22. *Compare Fred Barthelman III*, PR 14-114 at *24 (applying 29 C.F.R. § 785.15 to determine requirements of Section 142-2.1) *with* 12 N.Y.C.R.R. § 142-2.1 (incorporating exclusions in 29 C.F.R. §§ 785.19, 785.22 only). Moreover, these facts show that *Fred Barthelman III* is distinguishable from the instant case. The Industrial Board of Appeals made clear that the employees there had already

"clocked in" at the place prescribed by their employer and had to be available for work when called upon, *Fred Barthelman III*, PR 14-114 at *24; Plaintiffs, meanwhile, are not yet "clocked in" during their walking time and do not allege that they are assigned or expected to be ready to perform work during that time, Dkt. No. 32 at ¶¶ 34-35.

The Court accordingly concludes that its interpretation of the Miscellaneous Wage Order accords with the Industrial Board of Appeals' approach to minimum wage and overtime compensability.

**4. Other State Statutes and Regulations**

The parties each direct the Court to various other states' labor laws to support their respective positions. *See, e.g.*, Dkt. No. 36 at 11, n.7 (collecting cases); Dkt. No. 41 at 2, 3-4, n.2 (collecting cases); Dkt. No. 42 (citing *Del Rio v. Amazon.com Services, Inc.*, 354 Conn. 151 (2026)); Dkt. No. 45 (citing *Johnson v. Amazon.com Services, LLC*, 2026 IL 132016).

To the extent that the Court has considered the law of jurisdictions other than New York,[7] these cases serve only to reinforce its analysis. The recent decisions of the supreme courts of Connecticut and Illinois are particularly instructive. In *Del Rio v. Amazon.com Services, Inc.*, Connecticut's highest court resolved that the PPA did not limit the compensability of employees' time spent passing through security screenings at the end of their shifts. 354 Conn. 151 (2026). Connecticut law, however, is readily distinguishable from the NYLL. Connecticut minimum wage and overtime law is governed by Sections 31-60 and 31-76b of the Connecticut General Statutes, and Section 31-60 additionally delegates to the Connecticut Labor Commissioner the power to

---

[7] *See 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 221, n.1 (2d Cir. 2021) ("[D]ecisions from other states and their interpretations under non-New York law" are "not binding on New York courts and do not prevent [the Court] from confidently predicting how the Court of Appeals would decide" the instant issue).

adopt regulations to carry out the purposes of the statute. *See* C.G.S.A. §§ 31-60; 31-76b. Across this entire scheme, the Court can discern only one reference to the FLSA: a narrow incorporation of the definition of "companionship services." C.G.S.A. § 31-76b(2)(A) (citing 29 U.S.C. § 201 *et seq.*); *see generally* C.G.S.A. §§ 31-60; 31-76b; Conn. Agencies Regs. § 31-60-1 *et seq.*

In *Johnson v. Amazon.com Services, LLC*, the Illinois Supreme Court similarly found that its state law did not incorporate the PPA's limitations. 2026 IL 132016. Analyzing the Illinois Minimum Wage Law, the *Johnson* court noted that the statute includes just four specific references to provisions of the FLSA, regulations promulgated thereunder, or both. *Id.* at ¶ 14 (citing 820 ILCS 105/4a). These references are to narrow paragraphs of Section 7 of the FLSA and to a federal regulation defining employment in a "bona fide executive, administrative or professional capacity." 820 ILCS 105/4a (citing 29 C.F.R. § 541.600; 29 U.S.C. § 207(b), (i), (k), and (o)).

Neither Connecticut nor Illinois includes the sweeping incorporation of Section 7 present in Section 142-2.2 of the Miscellaneous Wage Order. It is therefore unsurprising that the *Del Rio* and *Johnson* courts found that those states did not consequently incorporate the PPA's limitations. *See Del Rio*, 354 Conn. 151; *Johnson*, 2026 IL 132016; *see also Roberts v. State*, 253 Ariz. 259 (2022) (statutory reference to Section 7(k) only did not incorporate PPA); *In re Amazon.com, Inc.*, 667 Pa. 16 (2021) (statutory reference to Section 7(j) only did not incorporate PPA); *Amaya v. DGS Constr., LLC*, 479 Md. 515 (2022) (statutory reference to the FLSA that omitted the term "as amended" excluded the PPA and did not otherwise incorporate federal limitations on compensability); *Segura v. J.W. Drilling, Inc.*, 2015-NMCA-085, 355 P.3d 845 (similar). And Plaintiffs' cited case, *Vaccaro v. Amazon.com.dedc, LLC*, further bolsters the Court's conclusion. No. CV 18-11852 (FLW), 2020 WL 3496973 at *6 (D.N.J. June 29, 2020) (New Jersey's statute and regulations "do not cite to the section of the FLSA that was amended by the Portal-to-Portal

Act, *i.e.*, *Section 7*," and therefore do not incorporate the PPA) (emphasis added) (citing *Thomas v. Amazon.com Servs., Inc.*, 462 F. Supp. 3d 828, 835 (N.D. Ohio 2020)).

* * *

The Court accordingly finds that New York law does not require Defendant to compensate Plaintiffs' walking time and dismisses Plaintiffs' claims for unpaid minimum wages and overtime wages.

**D. Plaintiffs' Remaining Claims**

Defendant contends that Plaintiffs' causes of action for promised wages and noncompliant wage statements are coextensive with Plaintiffs' claims for minimum wage and overtime. Dkt. No. 33-1 at 20-21 (citing *Levion v. Societe Generale*, 503 F. App'x 62, 64 (2d Cir. 2012) (dismissing claims under NYLL § 193 where plaintiff failed to establish that omitted payments constituted wages owed under state law); *Chase v. MADICORP*, No. 623CV00436, 2024 WL 841266, at *5 (N.D.N.Y. Feb. 28, 2024) ("wage notice and pay statement claims similarly fail because of the [complaint]'s failure to state an overtime claim")). Plaintiffs offer no argument to the contrary. *See Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 23-187-cv, 2023 WL 8664375, at *3 (2d Cir. Dec. 15, 2023) (counseled party's partial response to a motion may constitute abandonment of unaddressed argument). Moreover, the Court agrees that the plain language of these statutes necessarily presupposes that the time at issue is compensable. *See* N.Y. Lab. L. §§ 193; 195.

As such, the Court dismisses Plaintiffs' claims for promised wages and noncompliant wage statements under NYLL §§ 193, 195, and 198.

**E. Leave to Amend**

When a complaint has been dismissed, "[t]he court should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be "futile" or would not survive a motion to dismiss. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011). Plaintiffs suggest that, should the Court grant leave to amend, they are prepared to plead additional facts "to show their duties require that they walk from the entrance to their workstations," including that they must "follow specific routes, [] must walk (and cannot run) to their workstations, [] must observe other specific rules when walking in the warehouse[s]; and [] cannot effectively use the time for their own purposes." Dkt. No. 36 at 24, n.22. Here, Plaintiffs' proposed amendments would be futile because they do not address the defect in their claims—*i.e.*, Defendant is not required to compensate Plaintiffs for their walking time under the provisions of the FLSA, as amended, applicable under the NYLL. *See, e.g.*, *Florence v. Seggos*, No. 21-834, 2022 WL 2046078, at *3 (2d Cir. June 7, 2022) (summary order) (affirming dismissal without leave to replead where "there [wa]s no indication that Plaintiffs could provide any additional allegations to salvage the otherwise deficient . . . claims"); *Brady v. Ostrager*, 834 F. App'x 616, 619 (2d Cir. 2020) (summary order) (finding that "the district court correctly held that amendment would be futile" where plaintiff's claims were barred by relevant law).

**V. CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss, Dkt. No. 33, is **GRANTED;** and the Court further

**ORDERS** that the Amended Complaint, Dkt. No. 32, is **DISMISSED with prejudice and without leave to amend;** and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules, and to close the case.

**IT IS SO ORDERED.**

Dated: September 16, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

***UNITED STATES DISTRICT COURT***
***NORTHERN DISTRICT OF NEW YORK***

# JUDGMENT IN A CIVIL CASE

**JEANNA KRATZERT,**
**NEIL MOSHER,**
**JON KARAFFA,**

**vs.** **CASE NUMBER: 1:25-CV-01171 (AMN/DJS)**

**TARGET CORPORATION**

**Decision by Court.** The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, Dkt. No. 33, is GRANTED. Plaintiffs' Amended Complaint, Dkt. No. 32, is DISMISSED with prejudice and without leave to amend.

All of the above in accordance with the Memorandum-Decision and Order issued by the Honorable Anne M. Nardacci, U.S. District Judge, on September 16, 2026.

DATED: September 16, 2026

Clerk of Court

s/Maria Blunt
Maria Blunt
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.

# 26-2751

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JEANNA KRATZERT, NEIL MOSHER, AND JON KARAFFA,
*individually and on behalf of all others similarly situated*,

*Plaintiffs-Appellants*,

*v.*

TARGET CORPORATION,

*Defendant-Appellee.*

*On appeal from the United States District Court*
*for the Northern District of New York*

**ADDENDUM B TO PLAINTIFFS-APPELLANTS' FORM C**

# PLAINTIFFS-APPELLANTS' ADDENDUM B

*Issues/Questions Presented by this Appeal*

1. Did the District Court err in finding that the New York Labor Law (Articles 19 and 6) and the Miscellaneous Industries Wage Order (12 NYCRR § 142-2.1 *et seq.*) incorporate the limitations of the federal Portal-to-Portal Act of 1947, codified at 29 U.S.C. §§ 251–262 ("PPA"), as to compensable pre- and post-shift activities?

> 1a. If so, was the District Court's finding that Plaintiffs' in-warehouse walking time was not compensable in error?

2. Should the issue of whether the New York Labor Law and the Miscellaneous Industries Wage Order incorporate the limitations of the PPA as to compensable pre- and post-shift activities—a novel question of state law not previously addressed by any state court—be certified to the New York Court of Appeals?

3. Did the District Court err in failing to grant Plaintiffs leave to amend their complaint?

*Applicable Standards of Appellate Review*

**Question 1 & 1a**

A district court's grant of a Rule 12(b)(6) motion to dismiss is subject to *de novo* review by this Court. *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (citation omitted). So too are pure issues of statutory interpretation/legal conclusions that ruling is based upon, such as Questions 1 and 1a above. *See Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2d Cir. 1998) ("We review the district court's decision *de novo,* both because it involves a motion to dismiss under Rule 12(b)(6), *see Scotto v. Almenas,* 143 F.3d 105, 109 (2d Cir. 1998), and because it requires us to answer an issue of statutory interpretation, *Perry v. Dowling,* 95 F.3d 231, 235 (2d Cir.1996).").

**Question 2**

This Court may certify dispositive questions of law to the New York Court of Appeals whenever it appears that "determinative questions of New York law are involved in a case pending before th[e] [C]ourt for which no controlling precedent of the Court of Appeals exists." 22 NYCRR § 500.27(a); *see also* Local R. 27.2. In considering whether to certify questions to the New York Court of Appeals, this Court considers (1) whether the New York Court of Appeals has addressed the issue; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of the claims before the Court. *Walton v. Comfort Systems USA (Syracuse), Inc.*, 155 F.4th 144, 162 (2d Cir. 2025).

Further, "when presented with a question of state law, and '"in the absence of authoritative law from the state's highest court, [this Court] must either (1) predict how the state's highest court would resolve the state law question, or, if state law is so uncertain that we can make no reasonable prediction, (2) certify the question to the state's highest court for a definitive resolution." *Del Rio v. Amazon.com.dedc, LLC*, 132 F.4th 172, 176 (2d Cir. 2025), *certified question answered sub nom. Del Rio v. Amazon.com Servs., Inc.*, 354 Conn. 151, 349 A.3d 570 (2026).

**Question 3**

The Court "also review[s] *de novo* a district court's denial of leave to amend when denial is based on a legal interpretation, such as the conclusion that amendment would be futile." *Noto*, 35 F. 4th at 102 (citation omitted).